IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:26-cv-01743-BT |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Kyle C.[1] seeks to bring this lawsuit without paying the required filing fee. *See* IFP Mot. (ECF No. 3).

This Court may authorize a person to proceed *in forma pauperis* (IFP)—that is, without the prepayment of fees—when it determines the person cannot afford the fee. 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making the *in forma pauperis* determination, "the Court may consider the total monetary resources available to assist Plaintiff, and 'it is appropriate to consider a spouse's income.'" *Bruton v. Colvin*, 2014 WL 840993, at *1 (N.D. Tex. Mar. 4,

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

2014) (McBryde, J.); *Andrea F. v. Comm'r Soc. Sec.,* 2022 WL 20210188, at *1 (N.D. Tex. Dec. 8, 2022) (Parker, J.). The Court may also require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439–40 (5th Cir. 2016).

Here, Plaintiff has submitted an affidavit showing that, although he does not receive any monthly income, his spouse has a gross monthly income of $5,400. IFP Mot. at 2 (ECF No. 3). He lists one dependent—his 71-year-old mother—and claims $3,075 in monthly expenses. *Id.* at 3–5.

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiff financial hardship. Plaintiff's household income last year ($64,800) places his household above the federal poverty threshold for a three-person household in Texas. *See* OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, *HHS Poverty Guidelines for 2026*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited June 18, 2026).

Considering Plaintiff's household income and expenses, the Court finds that Plaintiff has not shown that paying the full filing fee would impose an undue financial burden. Thus, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3). The Court **ORDERS** Plaintiff to pay the $405.00 filing fee to the Clerk of Court within fourteen days of the date of this Order. Failure to comply with this Order may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

3

**SO ORDERED**.

Signed June 18, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE